**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 24-1865

---

DONNA H. WATSON, as the personal representative of Troy Howlett, Deceased, and as the Administrator of the Estate of Troy Howlett,

Plaintiff - Appellant,

v.

RICHARD KEITH NEWMAN, Commonwealth Attorney, Hopewell, VA; LIEUTENANT JACQUITA RACHELLE ALLEN; JOHN F. KEOHANE, JR., Retired Chief of Police, Hopewell VA Police Department; TREVOR TERRY, HPD Officer; DAVID BRUCE HIRN, HPD Officer; BRIAN AVERY ORANGE, HPD Officer; GREGORY DWAYNE TAYLOR, Chief of Police; SEAN PATRICK GRANT, HPD Officer; MICHAEL W. WITTINGTON, SR.; CAROLYN LEIGH ROMERO, Pre-Trail Probation Officer for T. Howlett; BETTINA COGBILL, Director/Supervisor of RCJA; ANTHONY MCCURRY, HPD Officer; CHRISTOPHER HEWETT, Det/Supv of Crime Suppression Unit/HPD; WILLIAM JOHN SCIACCA, HPD Officer; KEVIN D. JOHNSON; DANIELLE F. SMITH, City Attorney; MARTA LEON, FOIA Officer; HOPEWELL POLICE DEPARTMENT; RIVERSIDE CRIMINAL JUSTICE ACADEMY; JT MORRIS FUNERAL HOME; DERRICK T. GRIFFIN, Officer; CITY OF HOPEWELL,

Defendants - Appellees,

and

DEBRA ROBINSON SMITH, City Attorney,

Defendant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:23-cv-00721-JAG)

---

Submitted:  January 23, 2025                    Decided:  January 27, 2025

_____

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Donna H. Watson, Appellant Pro Se.  Charles Walker Terry, BYRNE CANAAN LAW, Richmond, Virginia; Maurice Scott Fisher, Jr., Blaire Hawkins O'Brien, Jeremy David Capps, HARMAN CLAYTOR CORRIGAN & WELLMAN, Glen Allen, Virginia; Jeffrey Robert DeCaro, DECARO, DORAN, SICILIANO, GALLAGHER & DEBLASIS, LLP, Bowie, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donna H. Watson appeals the district court's order (1) granting Defendants' motions to dismiss and for judgment on the pleadings in Watson's 42 U.S.C. § 1983 action in which Watson raised a myriad of claims, including under the Fourteenth Amendment and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); and (2) denying Watson's motion to strike the pleadings. We have reviewed the record and find no reversible error.

For instance, we conclude that the court correctly found that the claims Watson expressly identified as § 1983 claims failed because they were either (1) premised on state law violations, rather than federal law violations, *see Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (reiterating that "[t]o prevail on a § 1983 claim, [plaintiffs] must show that . . . they were deprived of a federal statutory or constitutional right"); or (2) premised on a federal statute that is inapplicable to local governments, *see* 5 U.S.C. § 551(1) (defining "agency" under Freedom of Information Act as one that acts with authority of the United States Government). And although the claims Watson identified as § 1983 claims appeared to implicate state tort law (e.g., wrongful death), we conclude that the court correctly found the claims to be barred by (1) res judicata, *see Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887, 892-93 (Va. 2017) ("[T]he effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time." (emphasis omitted and internal quotation marks omitted)); and (2) the applicable statutes of limitations, *see, e.g.*, Va. Code Ann. § 8.01-244 (two-year statute of limitations for wrongful death).

3

Having reviewed the record in conjunction with the appealed-from order and discerning no reversible error, we affirm the district court's order. *Watson v. Newman*, No. 3:23-cv-00721-JAG (E.D. Va. Aug. 21, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*